```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   1/13/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America,

            –v–

Envert Francisco-Ovalle,

                  Defendant.

---

18-cr-526 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Defendant Envert Francisco-Ovalle's motion for a reduction of sentence and compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, this motion is DENIED.

## I.      BACKGROUND

On July 12, 2019, the Defendant pled guilty to Count One of the indictment in the above-captioned case, which charged him with participating in a conspiracy to distribute and possess with intent to distribute heroin and cocaine. *See* Dkt. No. 208. On November 26, 2019, the Defendant appeared before this Court for sentencing, and the Court imposed a sentence of 63 months' imprisonment to be followed by 3 years of supervised release. *See* Dkt. No. 241.

On September 9, 2020, the Defendant filed the present motion, seeking a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) due to the circumstances created by the COVID-19 pandemic. Dkt. No. 306 ("Def. Br."). The Government filed its response on September 14, 2020. Dkt. No. 309 ("Gov. Opp. Br."). The Defendant's reply was filed on September 18, 2020, and a supplemental reply was filed on December 1, 2020. Dkt. No. 313 ("Def. Reply"), Dkt. No. 332 ("Def. Supp. Reply").

The Defendant seeks a reduction of his sentence and immediate release. *See* Def. Br. at 1. He premises his request on two central points. First, he seeks compassionate release because of the threat that COVID-19 poses to his health. He concedes that he is not afflicted with any medical condition that renders him at heightened risk of severe illness, he nonetheless contends that the circumstances of the virus, combined with the heightened risk of infection found in prisons and the disproportionate rate of infection among Latinos, nonetheless constitutes an extraordinary and compelling reason warranting release. *See* Def. Br. at 3–10. In his December 1, 2020 supplemental brief, the Defendant also indicated that the facility at which he is currently detained has now suffered a COVID-19 outbreak among its inmates. *See* Def. Supp. Reply at 1. Second, the Defendant seeks compassionate release due to family circumstances, and he notes that his sister, grandmother, and wife all suffer from serious health problems. Def. Br. at 11–13.

## II.     DISCUSSION

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). The compassionate-release statute creates one such exception: It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Under the recently enacted First Step Act, defendants serving their sentence may move the Court for compassionate release. *See United States v. Gotti*, No. 02-cr-743 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020); *United States v. Gross*, No. 15-cr-769 (AJN), 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020).

Before the Court may modify a term of imprisonment, a defendant usually must satisfy the statute's administrative exhaustion requirement.  One avenue to doing so is if there is a "lapse of 30 days from the receipt of . . . a request [for the BOP to bring a compassionate release motion] by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  Because the Defendant submitted such a request on August 14, 2020 and because that request was denied on August 17, 2020, *see* Def. Br. at 3, the Court finds that the statute's administrative exhaustion requirement is satisfied.

In order to be eligible for relief under 18 U.S.C. § 3582(c)(1)(A), the Defendant must show that he has "extraordinary and compelling reasons" warranting such a reduction. The Second Circuit has recently held that the Sentencing Commission's policy statement § 1B1.13 Note 1(D), which instructs that the power to determine what reasons are extraordinary and compelling remains exclusively with the Bureau of Prisons director, is no longer applicable.  *See United States v. Brooker*, 976 F.3d 228, 234–37 (2d Cir. 2020).  Therefore, this Court may "independently [] determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling.'"  *Id.* at 234.  But while the Court is no longer expressly bound by the considerations enshrined in § 1B1.13(1)(A), it nonetheless finds them useful for discerning what constitutes an extraordinary and compelling reason warranting compassionate release.  In its discretion, therefore, the Court takes these policy considerations into account, even if it is no longer bound by them.

After taking into consideration all of the circumstances, the Court concludes that the Defendant has not established the existence of an extraordinary and compelling reason that warrants compassionate release or a modification of his sentence.  To begin with, the Court acknowledges that the COVID-19 pandemic has altered the circumstances of incarceration.  *See,*

*e.g.*, *United States v. Plummer*, 2020 WL 3440548, at *2 (S.D.N.Y. June 23, 2020) ("[T]he combination of the COVID-19 pandemic and underlying health conditions that place an incarcerated individual at higher risk of serious illness from COVID-19 constitutes an 'extraordinary and compelling reason' warranting compassionate release."). But the Defendant's arguments—which are not rooted in an individualized risk of severe illness—cut too broadly. Under his reasoning, all federal inmates in the country could establish extraordinary and compelling circumstances by citing to the statute, "a result that does not remotely comply with the limited scope of compassionate release." *United States v. Haney*, 454 F. Supp. 3d 316, 322–23 (S.D.N.Y. 2020). As already noted, the Defendant does not point to any underlying health conditions that expose him to heightened risk of severe illness were he to contract COVID-19. And, at the age of 42, the Defendant cannot rely on his age to establish any kind of particularized risk. So while the Defendant relies on the potential threat that COVID-19 might pose even to people in his age group and without underlying health conditions that place him at greater risk of severe illness, *see* Def. Reply at 2–3, that alone is insufficient. *See, e.g.*, *United States v. Plummer*, No. 15-CR-95 (AJN), 2020 WL 3440548, at *2 (S.D.N.Y. June 23, 2020).

Nor does the Defendant's desire to take care of his family members create extraordinary circumstances warranting relief under 18 U.S.C. § 3582(c)(1)(A). Among other things, the Defendant seeks a sentencing reduction in order to help his wife, who has a variety of medical issues, take care of their minor children. *See* Def. Br. at 12–14. He also seeks release to help care for his sister, who is ill and lives in the Dominican Republic, and to help take care of his mother, as well. *Id.* This Court has found that the need to care for one's aging and sick relatives "may, in certain circumstances, warrant a finding that an extraordinary and compelling reason

exists." *United States v. Yoda*, No. 15-CR-95 (AJN), 2020 WL 5502325, at *2 (S.D.N.Y. Sept. 11, 2020).

In this case, however, the circumstances do not merit such a conclusion, and a number of factors undermine the Defendant's argument.  To begin with, the Defendant does not allege that he would be his children's sole caretaker.  On the contrary, the Defendant notes that his wife's mother lives with the family.  *See* Def. Reply at 4 n.6.  The Defendant's argument is also undercut by the probability that he would return to the Dominican Republic while his wife and children would remain in New Jersey.  *See* Def. Br. at 12–13.  With respect to this, the Defendant notes that while he "will not be physically present in New Jersey to help Ms. Peralta, he will be able to contribute with emotional support through unlimited daily phone and video calls." *Id.* at 13.  Without discounting the significance of that kind of emotional support, the Defendant's contention that he would not be physically present to care for his children undermines his argument that he is the only available caregiver or that his release is necessary in order to physically care for his children due to any incapacity that might preclude his wife from doing so consistently.  In that regard, this case is different from others where courts have found that the need to care for one's relatives provides an extraordinary and compelling reason.  *See, e.g.*, *United States v. Lisi*, 440 F. Supp. 3d 246, 251–52 (S.D.N.Y. 2020); *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019).  And while the Defendant's desire to take care of his mother and his sister is admirable, he also does not allege that he is their only potential caretaker. *See Yoda*, 2020 WL 5502325, at *2; *see also United States v. Guillen*, No. 18-CR-640 (RA), 2021 WL 77029, at *2 (S.D.N.Y. Jan. 7, 2021).  Finally, the Defendant's desire to provide financial support for his family, while also admirable, applies broadly to incarcerated persons and does not in itself provide extraordinary and compelling reasons justifying release.  *See*

*United States v. John*, No. 15-CR-208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) (noting that while "the Court has been freed by *Brooker* to consider the myriad of family circumstances that might warrant granting compassionate release, § 3582(c)(1)(A)(i) still only authorizes release where the family circumstances are truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated."). In sum, the Defendant has not established that extraordinary circumstances warrant the relief he seeks, and his motion must be denied on that basis. *See, e.g.*, *United States v. Pena*, No. 09-CR-341 (VM), 2020 WL 7408992, at *7 (S.D.N.Y. Dec. 17, 2020) ("[W]hile the Court finds admirable Peña's aspirations to care for his sister, concern for his family's wellbeing does not warrant compassionate release."); *John*, 2020 WL 6581217, at *2 ("Being separated from your wife and children and unavailable to care for aging parents are but two of the sad and inevitable consequences of incarceration.").

Even if the Defendant had established extraordinary circumstances, however, the sentencing factors in 18 U.S.C. § 3553(a) would counsel against granting relief. *See* 18 U.S.C. § 3582 (noting that if the court finds extraordinary and compelling reasons warranting relief, it shall consider "the factors set forth in section 3553(a) to the extent that they are applicable"); *see also United States v. Cajigas*, No. 08-CR-391 (VM), 2020 WL 6625210, at *3 (S.D.N.Y. Nov. 11, 2020). As the Court stated at sentencing, the Defendant's participation in a conspiracy to distribute significant quantities of cocaine and heroin—and his high-level responsibilities in that conspiracy—merited a serious sentence. *See* Dkt. No. 247 ("Tr.") at 22:13–23:13. His own actions involved at least three kilograms of heroin and 50 kilograms of cocaine. *Id.* at 23:5–23:7. At sentencing, the Court also noted the existence of significant mitigating factors, which ultimately led the Court to impose a sentence well below the applicable Guidelines range of 87 to

108 months.  The 63-month sentence reflected the Court's considered determination of a sentence that would adequately account for the seriousness of the Defendant's offense and that would, at a minimum, serve the interests of general deterrence while also taking into account the meaningfully mitigating factors in this case.  The ongoing pandemic does not fundamentally alter the Court's conclusion as to the necessity of that sentence, and the Court concludes that "[c]onsidering the Section 3553(a) factors — as the Court must — compassionate release is simply too blunt an instrument for the task at hand."  *United States v. Ayon*, No. 18-CR-269 (JMF), 2020 WL 7401620, at *2 (S.D.N.Y. Dec. 17, 2020).  Ultimately, the § 3553(a) factors— including the need to account for the seriousness of the Defendant's offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes—counsel against granting the Defendant's motion.  *See* 18 U.S.C. § 3553(a)(2)(A)–3553(a)(2)(C).

## III.    CONCLUSION

For the reasons articulated above, Defendant's motion under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.  This resolves Dkt. No. 306.

SO ORDERED.

Dated:  January 13, 2021
          New York, New York

_____
ALISON J. NATHAN
United States District Judge