UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Envert Francisco-Ovalle,

Defendant.

18-cr-526 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

This Court previously denied Envert Francisco-Ovalle's motion for compassionate release pursuant to 18 U.S.C. § 3582(c). With approximately nine months remaining to serve on his sentence, the Defendant now renews his motion citing the recent death of his wife, leaving him as the sole reliable caretaker for his two young children. For the reasons that follow, the Court GRANTS the Defendant's motion for compassionate release.

I.  BACKGROUND

On July 12, 2019, the Defendant pled guilty to Count One of the indictment in the above-captioned case, which charged him with participating in a conspiracy to distribute and possess with intent to distribute heroin and cocaine. *See* Plea Tr., Dkt. No. 208. The plea agreement stipulated that the Defendant was responsible for at least 3 kilograms of heroin and 50 kilograms of cocaine and stipulated the Guidelines Range to be 87 to 108 months' imprisonment. Sent. Tr. at 5, 9, Dkt. No. 247. On November 26, 2019, the Defendant appeared before this Court for sentencing, and the Court imposed a sentence of 63 months' imprisonment to be followed by

1

three years of supervised release. *Id.* at 25; *see also* Dkt. No. 241. He is currently projected for release on January 16, 2023.  Dkt. No. 356 at 2.

On January 13, 2021, the Court denied the Defendant's first motion for compassionate release. *See United States v. Francisco-Ovalle*, No. 18-cr-526 (AJN), 2021 WL 123366 (S.D.N.Y. Jan. 13, 2021). He premised the request on the general threat of COVID-19 in prisons and family circumstances—in particular, his desire to help care for his children and for his sister, grandmother, and wife, who suffered from serious health problems. *Id.* at *2. The Court concluded that the Defendant had failed to establish an extraordinary and compelling reason warranting his release and that the sentencing factors in 18 U.S.C. § 3553(a) counseled against granting relief. *Id.* at *2-3.

On January 27, 2022, the Defendant through counsel made a request for compassionate release to Hazelton FCI. Dkt. No. 354 at 1-2. The Defendant informed counsel on February 18, 2022, that his request was denied. *Id.* The Defendant subsequently filed this renewed motion on February 24, 2022. Dkt. No. 354. He contends that circumstances have changed since this Court's January 2021 opinion—namely, his thirty-six-year-old wife passed away unexpectedly, leaving him as the sole reliable caretaker to his two young children. The Government opposed the motion, and it is now fully briefed. Dkt. No. 356, 357.

II.     DISCUSSION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). The compassionate-release statute creates one such exception: It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . .

extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)–(ii). Under the First Step Act, defendants serving their sentence may move the Court for compassionate release after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden. *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020). Here, the Government agrees that the administrative exhaustion requirement has been satisfied. Dkt. No. 356 at 4.

In order for a defendant to be eligible for a reduction of their term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), there must be "extraordinary and compelling reasons" warranting such a reduction. The Sentencing Commission has specifically articulated a Family Circumstances category which explains when those circumstances rise to the level of an extraordinary and compelling reason. Relevant here, "the death or incapacitation of the caregiver of the defendant's minor child or minor children" is an extraordinary and compelling reason for release. *See* U.S.S.G. § 1B1.13 cmt. 1(C). "The animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver." *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020).

In January 2021, the Court concluded that the Defendant had not established an extraordinary and compelling reason for his release due to his family circumstances. At bottom, the Defendant did not "allege that he would be his children's sole caretaker." *Francisco-Ovalle*, 2021 WL 123366, at *3. Although the Defendant's wife suffered from medical issues, she was

3

present and cared for the children along with her mother. Moreover, the Defendant would not have been physically present to help care for his children because it was likely that he would return to the Dominican Republic without his wife and children, who would remain in New Jersey. Instead, he sought only to provide emotional support. *Id.*

Circumstances have clearly changed since the Court's January 2021 opinion. The Defendant's wife died on January 16, 2022, at the age of thirty-six. Dkt. No. 354 at 2. Since that time, the Defendant's mother-in-law, 19-year-old nephew, and a network of friends and extended family members have been taking care of the Defendant's children, who are ages 8 and 9. Dkt. No. 357 at 2. As the Defendant's papers and supporting exhibits demonstrate, this patchwork arrangement is temporary at best. The Defendant's mother-in-law reports being physically and mentally incapable of and unwilling to care for her grandchildren. *Id.*; Dkt. No. 357-1 at 2. After the death of her daughter, the Defendant's mother-in-law had to hire help to bring Defendant's children to and from school each day until the Defendant's 19-year-old nephew arrived in the United States to care for the children. Dkt. No. 357 at 2; Dkt. No. 357-1 at 5. The Defendant's nephew is present in the country only temporarily, on a tourist visa. Dkt. No. 357 at 2. Other adults in the Defendant's network, such as his sister, have attested that they are unable to take responsibility for the Defendant's children and that the children "do not have stable care right now." Dkt. No. 357-1 at 5. Furthermore, if released, the Defendant now plans to be physically present with his children, with all three returning to the Dominican Republic. Dkt. No. 357 at 1; Dkt. No. 357-1 at 5. The Defendant also likely faces some additional time in ICE custody following his release by BOP and prior to deportation. This will further extend the time that his minor children lack reliable care. The Court concludes that in light of these circumstances, the Defendant has established an extraordinary and compelling reason for release because he is the

4

sole available family member to care reliably for his two minor children. *See, e.g.*, *Lisi*, 440 F. Supp. 3d at 251–52 (finding an extraordinary and compelling reason for release when "evidence from several sources indicat[ed]" that defendant was "the only available caretaker" for his mother).

The Government's argument to the contrary is unavailing. The Government assumes two key points from this Court's prior opinion remain unchanged: 1) that the Defendant's mother-in-law can and will take care of the Defendant's children; and 2) that the children will remain in New Jersey. Dkt. No. 356 at 5–6. To the extent the Defendant's opening brief was ambiguous on these two points, his reply brief and supporting documentation indicate that the mother-in-law cannot and will not take care of the children, and the children will return to the Dominican Republic with their father if he is released.

Establishing an extraordinary and compelling reason for release is only one of the requirements for a reduction in one's prison sentence under 18 U.S.C. § 3582(c)(1)(A). The Court must also determine that granting release is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements of the Sentencing Commission to determine if release is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). In particular, the Court must consider whether a reduced sentence would still "reflect the seriousness of the offense . . . promote respect for the law . . . provide just punishment for the offense" and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B).

Because this Court sentenced the Defendant, the Court is intimately familiar with how these factors apply to his circumstances. The Defendant held high-level responsibilities in a drug importation conspiracy which merited a serious sentence. *Francisco-Ovalle*, 2021 WL 123366, at *3. During sentencing, the Court also recognized significant mitigating factors, including the

fact that this was the Defendant's first known offense, it was nonviolent, the Defendant accepted responsibility for his actions, and he expressed remorse. Dkt. No. 247 at 23:14-24:22. Ultimately, the Court imposed a below-guidelines, but significant sentence of 63 months followed by three years of supervised release. *Id.* at 25:4-25:8.

The Government argues that the § 3553(a) factors counsel against a reduction in the Defendant's sentence because the Defendant "has provided no new facts for the Court to reconsider its prior holding" and "[t]he concerns that justified the defendant's original sentence are still present." Dkt. No. 356 at 6. The sentence the Court imposed and reaffirmed was, at the time, sufficient but no greater than necessary to achieve the purposes of sentencing. However, its analysis is different under present circumstances. At the time of the Court's January 2021 opinion, the Defendant had two years remaining on his 63-month sentence. Since then, the Defendant has served fifteen months of incarceration and currently has less than one year left in his sentence. Furthermore, the Defendant has served the last two years of his imprisonment under the harsh conditions of the COVID-19 pandemic. *See United States v. Valencia-Lopez*, No. 05-CR-841 (NGG), 2022 WL 198604, at *4 (E.D.N.Y. Jan. 21, 2022). Additionally, during his incarceration, the Defendant has maintained a spotless disciplinary record. Dkt. No. 354 at 4. Accordingly, the Court determines that the time he has served has achieved the original sentence's purpose. *See United States v. Camper*, No. 13-CR-378 (AJN), 2020 WL 7647457, at *2 (S.D.N.Y. Sept. 2, 2020) (granting release where defendant had served "over half" of his sentence).

Finally, the Court also concludes that the Defendant is not a danger to the community. 18 U.S.C. § 3553(a)(2)(C). There is currently an immigration detainer lodged against the Defendant. Dkt. No. 354 at 4. Consequently, upon his release, the Defendant will either be released to ICE

custody or immediately deported to the Dominican Republic. *See United States v. Afanasyev*, No. 17 CR. 350 (LAP), 2020 WL 6395303, at *2 (S.D.N.Y. Oct. 30, 2020) (finding a defendant's potential danger to the community was alleviated by an ICE detainer).

The Defendant's circumstances are extraordinary and compelling. After considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that reducing Mr. Francisco-Ovalle's sentence would be consistent with the applicable policy statements in the Sentencing Guidelines.

### III.     CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Francisco-Ovalle's motion for compassionate release. The Court resentences Mr. Francisco-Ovalle to time served plus three years of supervised release under the conditions in the original judgment. The mandatory conditions, standard conditions, and special conditions of supervised release from the Defendant's original sentence are hereby imposed.

The Government is ORDERED to release Mr. Francisco-Ovalle (BOP Reg. No. 85983-054) from custody, subject to any detainers, immediately. In the event that Mr. Francisco-Ovalle is released in the United States, it is FURTHER ORDERED that the parties shall meet and confer and submit a proposed order governing the conditions of release no later than **April 19, 2022**.

SO ORDERED.

Dated: April 12, 2022
       New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge
Sitting by Designation